**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

**No. 99-30615
Summary Calendar**

_____

**JAMES SHEPACH, RICHARD MUNGIA,**

                                     **Plaintiffs-Appellants,**

**versus**

**IGNACE TANNER ET AL.,**

                                     **Defendants,**

**JOSEPH HEBERT; ALAN JEFFERSON; CITY OF NEW ORLEANS,**

                                     **Defendants-Appellees.**

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 96-CV-2405-E
--------------------
April 17, 2000

Before JOLLY, JONES and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

        Plaintiffs, Richard Mungia (Mungia) and James Shepach (Shepach), appeal the district court's entry of summary judgment in favor of defendants, Joseph Hebert (Hebert), Alan Jefferson (Jefferson), and the City of New Orleans, in their suit under 42 U.S.C. §§ 1983 and 1988, La. Civ. Code Ann. art. 2315 (West 1999), and U.S. Const. amends. IV, XIV.  Plaintiffs argue that Hebert withheld and misrepresented substantial evidence in his arrest-warrant affidavits and that if the district court had viewed the facts in the light most favorable to plaintiffs, it would have

_____

        [*] Pursuant to 5ᵀᴴ CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5ᵀᴴ CIR. R. 47.5.4.

concluded that Hebert's actions in obtaining the warrants were not objectively reasonable. Plaintiffs additionally argue that the district court's granting of summary judgment as to Jefferson was improper and that the district court's consideration of unauthenticated documents in support of defendants' summary-judgment motion is reversible error. Fed. R. Civ. P. 56(c).

This court reviews a grant of summary judgment *de novo*. Thomas v. LTV Corp., 39 F.3d 611, 616 (5th Cir. 1994). We have reviewed the record, the district court's opinion, and the parties' briefs, and we conclude that summary judgment was proper as to all defendants. Plaintiffs did not offer any facts to suggest that Hebert was objectively unreasonable in his decision to seek warrants for Mungia or Shepach or that any misstatements or omissions by Hebert in his affidavits were intentional, reckless, or objectively unreasonable such that an otherwise reasonable officer would not have submitted them to a magistrate. Spann v. Rainey, 987 F.2d 1110 (5th Cir. 1993); Sanders v. English, 950 F.2d 1152 (5th Cir. 1992); Hale v. Fish, 899 F.2d 390 (5th Cir. 1990). Based upon substantially the same reasons stated by the district court, we also conclude that summary judgment was proper as to Jefferson.

Finally, plaintiffs did not object to the authenticity of the documents presented by defendants, i.e., that the documents are not what they purport to be. Rather, plaintiffs objected to the fact that these documents were not properly authenticated as required by Rule 56(c). We conclude this is harmless error. Equia v. Tompkins 756 F.2d 1130, 1136 (5th Cir. 1985).

**AFFIRMED.**